UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CLAUDIA MCCARTER**
**and GLORIA ZAK,**

    Plaintiffs,

vs.                                                   Case No.: 8:21-cv-766

**BENCHMARK ST PETE, LLC,**
a foreign limited liability company,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant BENCHMARK ST PETE LLC, by and through its undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §1441, *et. seq.*, of the removal of this action from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 21-001061-CI, to the United States District Court for the Middle District of Florida (Tampa Division) based on the following:

1. On or about March 1, 2021, Plaintiffs, Claudia McCarter and Gloria Zak, filed a Complaint against Defendant in the Circuit Court of Pinellas County, Florida alleging violations of the Florida Civil Rights Act of 1992, §760.01, *et. seq.*, *Fla. Stat.* ("FCRA") and the Florida Whistleblowers Act, §448.102, *Fla. Stat.* ("FWA"). See Complaint, attached hereto.

2. Plaintiffs served their Complaint on Defendant on March 4, 2021. See Return of Service, attached hereto.

3. Plaintiff McCarter alleges that she was a resident of Pinellas County, Florida at all times material to the Complaint. See Complaint at ¶3.

4. Plaintiff Zak alleges that she was a resident of Pinellas County, Florida at all times material to the Complaint. See Complaint at ¶4.

5. Plaintiffs allege that Defendant is a foreign limited liability company with its principal place of business at 1780 Hughes Landing Blvd., Suite 400, The Woodlands, TX 77380. See Complaint at ¶5.

6. Pursuant to 28 U.S.C. §1441(a), "… any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

7. For the purpose of diversity jurisdiction, a "limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, LP v. Comcast SCH Holdings LLC, 374 F.3d 1020, 1022 (11th Cir. 2004).

8. Defendant is a limited liability company with only one member, BMC – The Benchmark Management Company, LLC ("BMC"). See Exhibit 1, Mackey Declaration[1] at ¶3, attached hereto.

9. BMC is also a limited liability company with its principal place of business at 1780 Hughes Landing Blvd., Suite 400, The Woodlands, TX 77380. See Exhibit 1, Mackey Declaration at ¶4.

10. The members of BMC are individuals, including: (1) Kirkland Jones, CFO who is domiciled in the State of Texas; (2) Alexis Cabanas, CEO who is domiciled in the State of Texas; (3) Gregory Champion, President & COO who is domiciled in the State of Texas; (4) Theodore Davis, Chief Sales and Marketing Officer who is domiciled in the State of Arizona; (5) Karen DiFulgo, Chief People Officer who is domiciled in the State of Texas; and (6) Jeffrey McIntyre, President who is domiciled in the State of Utah. See Exhibit 1, Mackey Declaration at ¶5.

11. BMC is thus, a citizen of the States of Arizona, Texas and Utah.

12. None of the members of BMC are citizens of the State of Florida. See Exhibit 1, Mackey Declaration at ¶7. Accordingly, there is complete diversity of citizenship between the Florida Plaintiffs and Defendant in this action.

---

[1] "Mackey Declaration" refers to the Declaration of Director of Human Resources Director, Christina Mackey.

13. Pursuant to 28 U.S.C. §1332(a)(1), the district courts have original jurisdiction of civil actions between citizens of different states "…where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs…"

14. Plaintiffs allege that this is an action for damages exceeding the minimum jurisdictional threshold of the circuit court of $30,000, exclusive of costs, interest and attorneys' fees. See Complaint at ¶1. Plaintiffs contend that they "entered '30,001.00' in the civil cover sheet for the 'estimated amount of the claim'… for jurisdictional purposes only… [and] [t]he actual value of Plaintiffs' claims will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla Const." Id.

15. Plaintiffs further allege specific damages including, but not limited to, back pay and benefits; interest on back pay and benefits; front pay and benefits; compensatory damages for emotional pain and suffering; injunctive relief; prejudgment interest; costs and attorney's fees; and punitive damages. See Complaint at ¶¶52, 59, 70, 74.

16. Plaintiff McCarter was employed by Defendant from approximately December 2018 until her termination from employment on December 6, 2019, more than fifteen (15) months ago. See Exhibit 1, Mackey Declaration at ¶8; see also Complaint at ¶30. At the time of her termination from employment, Plaintiff

McCarter's annual base salary was $95,000. See Exhibit 1, Mackey Declaration at ¶8.

17. Plaintiff McCarter's alleged back pay damages are approximately $118,750.00, i.e., ($95,000 ÷ 12 months) (x) (15 months since Plaintiff's termination from employment) = $118,750.00, exceeding the $75,000.00 threshold for this Court's original jurisdiction.

18. In a case with multiple plaintiffs where "at least one named plaintiff in the action satisfies the amount in controversy requirement, district courts can exercise supplemental jurisdiction over other plaintiffs joined in the action irrespective of whether those other plaintiffs satisfy the amount in controversy requirement." Griffis v. Flue-Cured Tobacco Coop. Stabilization, Case No. 7:07-cv-84-HL, at *4-5 (M.D. Ga. Nov. 6, 2007) citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 549 (2005). "Thus, this [c]ourt will have diversity jurisdiction over the claims of all Plaintiffs if one of the Plaintiffs meets the amount in controversy requirement." Id.

19. Plaintiff McCarter's alleged back pay damages satisfy the amount in controversy requirement for the Court's original jurisdiction.

20. Plaintiff Zak was employed by Defendant from approximately December 2018 until her voluntary resignation from employment effective June 1, 2020, almost

ten (10) months ago. See Exhibit 1, Mackey Declaration at ¶8.[2] At the time of her voluntary resignation, Plaintiff Zak's annual base salary was $70,000.00 plus ten percent (10%) of chair sales. During her employment of approximately five (5) months in 2020, i.e., from January 1, 2020 to June 1, 2020, Plaintiff Zak's total compensation was $38,469.22. See Exhibit 1, Mackey Declaration at ¶9. Previously, in 2019, Plaintiff Zak's total compensation was $102,826.51. See Exhibit 1, Mackey Declaration at ¶9.

21.    Based on Plaintiff Zak's total compensation in 2020, her alleged back pay damages are approximately $76,938.44, i.e., ($38,469.22 ÷ 12 months) (x) (10 months since Plaintiff's termination from employment) = $76,938.44, exceeding the $75,000.00 threshold for this Court's original jurisdiction.[3]

22.    Like Plaintiff McCarter, Plaintiff Zak's alleged back pay damages also satisfy the amount in controversy requirement for the Court's original jurisdiction.

23.    While the calculations of each Plaintiff's alleged back pay damages exceed the $75,000.00 threshold of the Court's original jurisdiction, Plaintiffs allege further

---

[2] Plaintiff Zak contends that she "was constructively discharged on June 1, 2020." See Complaint at ¶37.

[3] In fact, <u>not even including ten percent (10%) of chair sales</u>, Plaintiff Zak's alleged back pay damages will exceed the $75,000.00 requirement for the Court's original jurisdiction by July 1, 2020 (approximately three months from now), i.e., ($70,000.00 ÷ 12) (x) (13 months since her voluntary resignation from employment) = $75,833.33. This litigation may reasonably be expected to continue well beyond the next three months.

damages including benefits; interest on back pay and benefits; front pay and benefits; compensatory damages for emotional pain and suffering; injunctive relief; prejudgment interest; costs and attorney's fees; punitive damages; and other relief deemed just and proper. See Complaint at ¶¶52, 59, 70, 74. See also, <u>Hendry v. Tampa Ship, LLC</u>, Case No. 8:10-cv-1849-T-30TGW, 2011 WL 398042, *3 (M.D. Fla. Feb. 4, 2011) (concluding that defendants' calculation of the amount of back pay alone exceeded the $75,000.00 jurisdictional threshold for the court's jurisdiction).

24. Because Defendant is not a citizen of the State of Florida, and the matter in controversy exceeds the sum or value of $75,000.00, this case is subject to the original jurisdiction of the Court pursuant to 28 U.S.C. §1332 and removal is appropriate under 28 U.S.C. §§1441 and 1446(b)(1).[4]

25. This Notice of Removal is timely filed within thirty (30) days of service of the Complaint and meets the amount-in-controversy requirements for diversity of citizenship jurisdiction under 28 U.S.C. §1446(b)(1). Attached hereto is a complete

---

[4] Also, because Defendant seeks removal under 28 U.S. C. §1446(b)(1), it may provide evidence, such as, Christina Mackey's Declaration to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold of $75,000.00 <u>Hendry</u>, 2011 WL 398042, *2 citing <u>Pretka v. Kolter City Plaza II, Inc.</u>, 608 F.3d 744, 753-54 (11th Cir. 2010). The Court "may also rely on its 'judicial experience and common sense.'" <u>Id</u>.

copy of all state court filings in the Circuit Court of Pinellas County, Florida in Case No. 21-001061-CI, as required by 28 U.S.C. §1446(a).

26. Pursuant to 28 U.S.C. §1446(a), counsel for Defendant has also provided a written Notice of Removal to the Circuit Court of Pinellas County, Florida, a copy of which is attached to hereto as Exhibit 2.

Respectfully submitted March 30, 2021

**FISHER & PHILLIPS LLP**

/s/ Andrew Froman
Andrew Froman, Esq.
Fla. Bar No. 0019429
Sharon A. Wey
Fla. Bar No. 0048010
101 East Kennedy Blvd.
Suite 2350
Tampa, FL  33602
Telephone: (813) 769-7500
Facsimile:  (813) 769-7501
Email: afroman@fisherphillips.com
Email: swey@fisherphillips.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 30th day of March, 2021, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served via email on the following:

**MORGAN & MORGAN, P.A.**

George G. Triantis
Fla. Bar No. 1015574
Marc R. Edelman
Florida Bar No. 0096342
201 N. Franklin Street
Suite 700
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 257-0572
Email: gtriantis@forthepeople.com
Email: medelman@forthepeople.com

*Attorneys for Plaintiffs*

                                          *s/ Andrew Froman*

                                          For FISHER & PHILLIPS LLP