IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

CLAUDIA MCCARTER
and GLORIA ZAK,

    Plaintiffs,

vs.                                      Case No.:

BENCHMARK ST PETE, LLC
a foreign limited liability company

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, CLAUDIA MCCARTER ("McCarter") and GLORIA ZAK ("Zak") (collectively "Plaintiffs"), by and through the undersigned counsel, hereby file this Complaint against Defendant, BENCHMARK ST PETE, LLC, a foreign limited liability company ("Benchmark" or "Defendant") and allege:

## INTRODUCTION

This is an action for discrimination and retaliation pursuant to the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq.* ("FCRA") and Section 448.102 Florida Private Whistleblower Act. Up to the time Benchmark assumed control of the Grand Plaza Hotel, Plaintiffs employment was free from any disparate treatment. Plaintiffs are highly qualified and experienced in hotel management with excellent performance and no disciplinary history. However, when Benchmark placed Mr. Jan McCormick as Managing Director, Plaintiffs immediately experienced numerous instances of discriminatory conduct, retaliatory conduct, and a hostile work environment based upon their sex, female. Additionally, upon reporting the unlawful conduct of a Benchmark employee, Plaintiffs were subject to further retaliation and

ultimately unlawful separation. All said, after protesting the discriminatory and retaliatory conduct by Benchmark, Plaintiff, Claudia McCarter, was unlawfully terminated and Plaintiff, Gloria Zak, resigned due to intolerable working conditions. Plaintiffs seek to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which Plaintiffs are entitled including but not limited to equitable relief.

## JURISDICTION AND VENUE

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiffs' claims are in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiffs have entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiffs' claims will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Venue lies within Pinellas County, Florida because a substantial part of the events giving rise to this claim arose in this Judicial Circuit.

## PARTIES

3. At all times material to the allegations in this Complaint, Plaintiff, Claudia McCarter was a resident of Pinellas County, Florida.

4. At all times material to the allegations in this Complaint, Plaintiff, Gloria Zak was a resident of Pinellas County, Florida.

5. Defendant is a foreign limited liability company with its principal place of business at 1780 Hughes Landing Blvd, Suite 400, The Woodlands, TX 77380. Plaintiffs were employed at the Grand Plaza Hotel located at 5250 Gulf Blvd, St. Pete Beach, FL 33706. Defendant employs more than 25 employees and is a covered employer pursuant to the Florida Civil Rights Act.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action has occurred.

7. Plaintiff, Claudia McCarter, timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations (FCHR) on or around June 8, 2020.

8. Plaintiff, Gloria Zak, timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations (FCHR) on or around July 2, 2020.

9. Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days have passed since the filing of Plaintiffs' charges.

## GENERAL ALLEGATIONS

10. At all times material, Benchmark acted with malice and with reckless disregard for Plaintiffs' state protected rights.

11. At all times material, Plaintiffs were qualified to perform their job duties within the legitimate expectations of their employer.

12. Plaintiffs have been required to retain the undersigned counsel to represent them in this action and are obligated to pay them a reasonable fee for their services.

## STATEMENT OF FACTS

13. Plaintiffs are female.

14. Plaintiff, Claudia McCarter began working at the Grand Plaza Hotel – St. Pete Beach, located at 5250 Gulf Blvd., St. Pete Beach, FL 33706 ("Grand Plaza") in September 2007.

15. Plaintiff, Gloria Zak began working at the Grand Plaza Hotel – St. Pete Beach, located at 5250 Gulf Blvd., St. Pete Beach, FL 33706 ("Grand Plaza") in November 2008.

16. On or around December, 2018 Benchmark assumed full management of the Grand Plaza.

17. Before Benchmark assumed management of the Grand Plaza, Plaintiffs employment was free from any discriminatory and/or disparate treatment.

18. For purposes of this action, Plaintiff, Claudia McCarter was employed by Benchmark from December, 2018 as a General Manager until her unlawful termination on December 6, 2019. Throughout the course of Mr. McCormick's management, especially towards the end, McCarter was frequently subjected to disparate treatment which included discriminatory conduct, retaliatory conduct, and a hostile work environment based upon her sex, female.

19. For purposes of this action, Plaintiff, Gloria Zak was employed by Benchmark from December, 2018 as an Assistant General Manager until her unlawful constructive discharge on June 1, 2020. Throughout the course of Mr. McCormick's management, especially towards the end, Zak was similarly subjected to disparate treatment which included discriminatory conduct, retaliatory conduct, and a hostile work environment based upon her sex, female.

20. Plaintiffs met or exceeded performance expectations during the entire duration of their employment (before and after Benchmark assumed management of the Grand Plaza).

21. However, in February 2019, everything changed for the worse. Mr. Jan McCormick, Managing Director, became Plaintiffs' immediate supervisor. Plaintiffs immediately took notice of Mr. McCormick's male dominant and discriminatory arrogance.

22. In March 2019, during a meeting, Mr. McCormick declared to employees, mostly female, that he was "dominant." Mr. McCormick would often share his scorn for women in the workplace, especially in positions of power or influence.

23. Shortly into his reign as Managing Director, Mr. McCormick reduced McCarter's salary by $34,000.00 and demoted Zak to Director of Catering, reducing her salary by more than $30,000.00 stating "we need the money to bring in new managers and someone has to take the hit."

24. Upon information and belief, Mr. McCormick also reduced the pay of at least one other female manager, Donna Jollimore. However, no male managers' salaries were cut. In fact, some male managers received raises.

25. On multiple occasions, Mr. McCormick repeatedly berated, insulted, and demeaned Plaintiffs and other female employees in front of customers and staff. Mr. McCormick did not repeatedly berate, insult, or demean male employees.

26. In May 2019, Mr. McCormick hired a Food & Beverage Manager, Michael Corley (male). Mr. Corley openly referred to McCarter as "a fucking bitch whose days are counted." McCarter reported Mr. Corley's statement to Mr. McCormick. Mr. McCormick responded, "Mike is the *man* for the job." (Emphasis added). McCarter raised concerns about Mr. Corley. The next day, Mr. McCormick confronted McCarter. Visibly angry, he exclaimed

5

"Why did you have to send an email? Now I have to report this to HR." Upon information and belief, no investigation was conducted by Benchmark.

27.Around this time, Plaintiffs were told by James Kotsopoulos, Owner, that Mr. McCormick frequently opined "the problem with this company is that there are too many women."

28.Between October 2019 and November 2019, Zak was informed an employee, D.S. (male), was preying upon drunken women at Benchmark's nightclub(s), bringing them to unrented hotel rooms, having sexual relations, and sending naked pictures of the females to other male employees. Immediately, Zak reported the criminal conduct to McCarter. Shortly thereafter, McCarter reported D.S.'s criminal conduct to Mr. McCormick. To McCarter's dismay, she was told he "wasn't going to do anything about it because [D.S.] paid for the room."

29.Disappointed with Mr. McCormick's response, McCarter reported the criminal activities to Ms. Catherine Lazarus, Human Resources Manager. Approximately 15 days later, Human Resources questioned Plaintiffs about the incidents with D.S. Specifically, Plaintiffs were asked why they had not reported D.S.'s conduct. Plaintiffs advised Human Resources they had reported the conduct to Mr. McCormick per Benchmark's established reporting procedures.

30.On December 6, 2019, McCarter was terminated for "mishandling a situation with an employee." Specifically, Ms. Christina Mackey, Director of Human Resources, and Mr. Rikki Boparai, Vice President of Operations, falsely accused McCarter of failing to report the incident with D.S.

31.Perplexed by her sudden termination, McCarter requested a meeting with Mr. McCormick. Ms. Mackey and Mr. Boparai refused to bring Mr. McCormick into the meeting,

6

"doubling down" on accusations of allegedly "not reporting" something she had, in fact, reported.

32. Between December 2019 and January 2020, Zak, reported continued retaliation to Human Resources but her concerns were ignored and the harassment amplified.

33. In January 2020, Mr. Jay Rocha replaced Mr. McCormick.

34. The same disparate treatment continued under Mr. Rocha's leadership. For example, beginning in March 2020, Mr. Rocha required female but not male employees to use their vacation time to cover the reduction in hours due to COVID. Upon information and belief, male employees were not required to use vacation time to receive their full wages.

35. In February 2020, Mr. Rocha disciplined Zak for purportedly "creating a hostile work environment" from events occurring back in late 2019 (circumstances surrounding D.S.'s criminal conduct). The write-up was bogus. It was presented to Zak more than 90 days after the purported incident. It was littered with false accusations and devoid of any facts, dates, times, or specific instances. To add insult to injury, Mr. Rocha was employed at a different Benchmark property at the time the alleged events occurred.

36. Due to the severe harassment and retaliation, Zak began suffering from debilitating anxiety attacks. Zak sought medical treatment in March, 2020 and her doctor advised her to "get out of [Benchmark] as soon as possible."

37. Zak was constructively discharged on June 1, 2020.

38. Upon information and belief, McCarter was replaced by a male employee.

39. Plaintiffs attempted to use Benchmark's internal procedures to report their concerns. However, for females, the purported "open door policy" was a sham.

40. The concerns pertaining to Mr. McCormick's and Mr. Rocha's discriminatory

treatment and hostile work environment were ignored.

41. Moreover, Plaintiffs were deterred by Mr. Boparai and Mr. Dorcas Beck (Executive – specific title unknown) from reporting the unlawful treatment, by being reminded how "close" they were with Mr. McCormick.

42. In retaliation for reporting their concerns to Mr. McCormick and Human Resources, the harassment was amplified.

43. Plaintiffs were among numerous females subjected to discrimination and hostile work environment based upon sex.

44. The contemporaneous documentary evidence will show Benchmark's purported "legitimate non-discriminatory" reason for terminating McCarter's employment is pre-text for unlawful discrimination and retaliation based upon sex and unlawful retaliation in violation of Section 448.102 Florida Private Whistleblower Act.

45. At all relevant times, Plaintiffs were subjected to different terms and conditions of employment compared to other male employees (comparators).

46. Benchmark unquestionably retaliated against Plaintiffs for opposing unlawful discrimination and for exercising their protected rights in violation of the Florida Civil Rights Act ("FCRA") and reporting criminal conduct in Violation of Section 448.102 Florida Private Whistleblower Act.

47. The Florida Legislature treats Video Voyeurism as a criminal act. Specifically, it is a criminal act "For his or her own amusement, entertainment, sexual arousal, gratification, or profit, or for the purpose of degrading or abusing another person, intentionally uses or installs an imaging device to secretly view, broadcast, or record a person, without that person's knowledge and consent, who is dressing, undressing, or privately exposing the body, at a place and time

when that person has a reasonable expectation of privacy. (FL Stat § 810.145 (2020)). Plaintiffs reported D.S.'s Video Voyeurism to Benchmark. Benchmark retaliated against Plaintiffs, terminating McCarter on December 6, 2019 and making Zak's working conditions so intolerable she was forced to resign. By ignoring Plaintiffs' concerns, retaliating, and ultimately terminating their employment, Benchmark placed Plaintiffs in a position of valuing their continued employment over the privacy and safety of Defendant's hotel customers. Ultimately, Defendant elected to disregard its obligations, placing its own ignorance and inaction over hotel customer privacy and safety.

## COUNT I
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (Sex Discrimination)

48. Plaintiffs re-allege and adopt paragraph 1-27, 32-34, and 36-46, as though set forth fully herein.

49. Plaintiffs are members of a protected class under the FCRA due to their sex, female.

50. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiffs on the basis of their sex, female, in violation of the FCRA.

51. Defendant knew or should have known of the discrimination.

52. The above discrimination was done by Defendant with a reckless disregard for Plaintiffs' rights under state law. As a direct and proximate result of the discrimination described above, Plaintiffs have suffered and continue to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiffs demand:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees;

    h. Punitive Damages; and

    i. For such other relief as the arbitrator may deem just and proper.

## COUNT II
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (HOSTILE WORK ENVIRONMENT BASED ON SEX)

53. Plaintiffs re-allege and adopt paragraph 1-27, 32-34, and 36-46, as though set forth fully herein.

54. Plaintiffs are members of a protected class under the FCRA due to their sex, female.

55. During their employment with Defendant, Plaintiffs experienced workplace discrimination and harassment because of their sex which was sufficiently severe or pervasive to alter the conditions of their employment and create a hostile or abusive working environment in violation of the FCRA.

56. Although Plaintiffs complained of the hostile working environment, the workplace abuse continued, intensified and became almost physically threatening; Defendant failed to remedy Plaintiffs' complaints. Instead, Plaintiffs' employment were terminated and/or

constructively discharged.

57. Defendant's illegal employment actions were negligent and, in addition, were done with malice or reckless indifference to Plaintiffs' statutorily protected rights.

58. As a direct result of the hostile work environment complained of herein, Plaintiffs have been deprived of equal employment opportunities, suffered damage to their reputations and career, mental anguish, emotional pain and suffering, humiliation, loss of enjoyment of life and other non-economic damage and other intangible injuries.

59. The above discrimination was done by Defendant with a reckless disregard for Plaintiffs' rights under state law. As a direct and proximate result of the discrimination described above, Plaintiffs have suffered and continue to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiffs demand:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees;

    h. Punitive Damages; and

    i. For such other relief as the arbitrator may deem just and proper.

## COUNT III
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT
### (Retaliation)

60. Plaintiffs re-allege and adopt paragraph 1-27, 32-34, and 36-46, as though set forth fully herein.

61. Plaintiffs are members of a protected class under the FCRA because they engaged in protective activities.

62. During their employment with Defendant, Plaintiffs reasonably complained to Defendant about conduct that constituted unlawful sex discrimination which created a sufficiently severe or pervasive work conditions and created a hostile or abusive working environment in violation of the FCRA. As such, Plaintiffs engaged in protected conduct and were protected against unlawful retaliation by Defendant under the FCRA.

63. In response to Plaintiffs' complaints, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiffs' complaints of sex discrimination.

64. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiffs.

65. Plaintiff, McCarter, last complained to Defendant of unlawful sex discrimination on or about December 6, 2019.

66. Plaintiff, Zak, last complained to Defendant of unlawful sex discrimination on or about June 1, 2020.

67. On December 6, 2019, Defendant unlawfully terminated Plaintiff, McCarter's employment.

68. Zak was constructively discharged on June 1, 2020.

69. Plaintiffs' employment unlawfully ended with Defendant because Plaintiffs

complained to Defendant about sex discrimination in the workplace and Defendant failed to take any action to remedy Plaintiffs' complaints.

70. Defendant's actions were negligent and, in addition, were taken with malice or reckless indifference to Plaintiffs' statutorily protected rights.

WHEREFORE, Plaintiffs demand:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees;

    h. Punitive Damages; and

    i. For such other relief as the arbitrator may deem just and proper.

## COUNT IV
## RETALIATION IN VIOLATION OF
## SECTION 448.102 FLORIDA PRIVATE WHISTLEBLOWER ACT

71. Plaintiffs re-allege and adopt paragraph 1-5, 10-12, 14-20, 28-42, 44, and 46-47, as though set forth fully herein.

72. Plaintiffs objected to Defendant's unlawful conduct.

73. After Plaintiffs objected to the unlawful conduct, Defendant retaliated against Plaintiffs, ultimately resulting their unlawful separation from employment.

74. The decision to terminate Plaintiffs was causally linked to Plaintiffs' objection to Defendant's unlawful conduct.

WHEREFORE, Plaintiffs demand:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees;

h. Punitive Damages; and

i. For such other relief as the arbitrator may deem just and proper.

## JURY DEMAND

The Plaintiffs request that upon trial of this action all issues be submitted to and determined by a jury.

Dated this 1st day of March, 2021.

/s/ *George G. Triantis*
**GEORGE G. TRIANTIS, ESQ.**
Florida Bar No.: 1015574
**MARC R. EDELMAN, ESQ.**
Florida Bar No.: 0096342
**MORGAN & MORGAN, P.A.**
201 N. Franklin Street, Suite 700
Tampa, Florida 33602
Telephone: 813.223.5505
Facsimile: 813.257.0572
E-mail: Gtriantis@forthepeople.com
E-mail: Medelman@forthepeople.com
*Attorneys for Plaintiffs*